CHARLES LA BELLA
KATHLEEN McGOVERN
Deputy Chiefs
THOMAS B. W. HALL
ALISON L. ANDERSON
Trial Attorneys
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20530
(202) 598-2240

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO. 2:13-cr-00018-JCM-GWF |
| Plaintiff, | ) |
| | ) |
| v. | ) **STIPULATION AND** |
| | ) **PROTECTIVE ORDER** |
| LEON BENZER, | ) |
| KEITH GREGORY, | ) |
| CHARLES McCHESNEY, | ) |
| SALVATORE RUVOLO, and | ) |
| DAVID BALL | ) |
| | ) |
| Defendants. | ) |

IT IS HEREBY STIPULATED AND AGREED between the parties, Jeffrey H. Knox, Chief, U.S. Department of Justice, Criminal Division, Fraud Section, Deputy Chief Charles La Bella, Senior Deputy Chief of Litigation, Kathleen McGovern, and Trial Attorneys Thomas B.W. Hall and Alison L. Anderson, counsel for the United States, and the following defense counsel (collectively referred to as "Defense Counsel"):[1]

- Daniel Albregts, counsel for Defendant Leon Benzer
- Rodney Snow, counsel for Defendant Keith Gregory

---

[1] Counsel for Defendant Edith Gillespie has informed the government that he will not stipulate to the protective order and does not intend to review the Protected Documents.

1

- Douglass A. Mitchell, counsel for Defendant Charles McChesney
- Bret Whipple, counsel for Defendant Salvatore Ruvolo
- Michael Sanft, counsel for Defendant David Ball

that this Court issue an Order protecting from disclosure to the public any discovery documents relating to sensitive material produced pursuant to this protective order.  Such documents shall be referred to hereinafter as "Protected Documents."  The parties state as follows:

1. This Court has the power to issue "protective and modifying orders" regulating discovery.  Fed. R. Crim. P. 16(d)(1).  Specifically, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." *Id.*; *see also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("The trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials").

2. Counsel for the government will make available to Defense Counsel the Protected Documents by providing the Protected Documents for inspection at the United States Attorney's Office in Las Vegas.  No copies of the Protected Documents are permitted to be made except as provided below and subject to court approval. Any notes taken by anyone permitted to inspect the Protected Documents are subject to the same protective order as provided below.

3. Counsel for the government shall designate what material it considers to be the Protected Documents.

4. Access to Protected Documents is restricted to persons authorized by the Court, namely defendants, attorneys of record and attorneys' paralegals, investigators, experts, and secretaries employed by the attorneys of record and performing on behalf of the defendants

5. Except as provided below, Defense Counsel, attorneys' paralegals, investigators, experts, and secretaries employed by the attorneys of record and performing on behalf of the defendants, and the Defendant shall make no disclosure of the contents of the Protected Documents to any person who is not part of that defense team (including representatives of the

news media), including but not limited to any summary, extract or verbatim account of any portion thereof.

6. As provided below, Defense Counsel may use the Protected Documents solely for the purpose of preparing a defense to the charges pending against the Defendant in the above captioned case.

7. Defense Counsel shall maintain sole custody and control over any notes taken during the inspection of the Protected Documents. Defense Counsel may review the Protected Documents with the Defendant without restriction; provided, however, that Defense Counsel may not leave the Protected Documents, or any summary, extract, or verbatim account thereof, in the Defendant's custody or control.

8. Defense Counsel shall not make copies for, or allow copies of any kind to be made by any other person of Protected Documents, nor allow any other person to read Protected Documents or notes or extracts taken from the Protected Documents.

9. If a copy of any Protected Documents is requested by the defense, that request will be made to the court under seal. Likewise, if any Protected Document or any portion of the Protected Documents are to be filed with the Court at any time, or information within the Protected Documents to be disclosed in such a filing, in connection with this matter, or referred to in any pleading filed with the Court, such document shall be filed with the Clerk of the Court under seal and in sealed envelopes prominently marked with the caption of this case and the notation: "Contains Information Subject to Protective Order."

10. After final adjudication of this action and after all appeal rights have been exhausted, any Protected Documents in Defense Counsel's possession shall be returned to the government by Defense Counsel.

11. Defense Counsel shall keep a log of any person to whom disclosure is made consistent with the restrictions of this Protective Order and inform any person to whom

disclosure may be made pursuant to this order in writing of the existence and terms of this Court's order.

12. Upon conclusion of this action, Defense Counsel shall return to government counsel or destroy and certify to government counsel the destruction of all Protected Documents within a reasonable time, not to exceed thirty days after the last appeal is final.

DATED this 12th day of May, 2014.

| | |
|---|---|
| /s/ Daniel Albregts<br>DANIEL ALBREGTS<br>Counsel for Defendant Benzer | Jeffrey H. Knox<br>Chief, U.S. Department of Justice<br>Fraud Section, Criminal Division |
| /s/ Rodney Snow<br>RODNEY SNOW<br>Counsel for Defendant Gregory | /s/ Alison L. Anderson<br>ALISON L. ANDERSON<br>Trial Attorney, U.S. Dept. of Justice<br>Criminal Division, Fraud Section |
| /s/ Douglass A. Mitchell<br>DOUGLASS A. MITCHELL<br>Counsel for Defendant McChesney | |
| /s/ Bret Whipple<br>BRET WHIPPLE<br>Counsel for Defendant Ruvolo | |
| /s/ Michael Sanft<br>MICHAEL SANFT<br>Counsel for Defendant Ball | |

**ORDER**

IT IS SO ORDERED this ___13th___ day of _____May_____ 2014.

_____/s/ George Foley Jr._____
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 2:13-cr-00018-JCM-GWF |
| Plaintiff, ) | |
| v. ) | **CERTIFICATE OF SERVICE** |
| LEON BENZER, ) | |
| KEITH GREGORY, ) | |
| CHARLES McCHESNEY, ) | |
| SALVATORE RUVOLO, and ) | |
| DAVID BALL, and ) | |
| Defendants. ) | |

I, the undersigned, hereby certify that this pleading was filed with the clerk of court via ECF and will be served electronically via ECF on all parties that have entered their appearances in this case.

Dated: May 12, 2014

                                          Jeffrey H. Knox
                                        Chief, U.S. Department of Justice
                                        Fraud Section, Criminal Division

                                        */s/ Alison L. Anderson*
                                        ALISON L. ANDERSON
                                        Trial Attorney, U.S. Dept. of Justice
                                        Criminal Division, Fraud Section