UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>LEON BENZER, et al.,<br><br>Defendant(s). | Case No. 2:13-CR-18 JCM (GWF)<br><br>ORDER |

Presently before the court is the government's motion *in limine* to admit evidence of other acts by defendant Leon Benzer (hereinafter "defendant") pursuant to Federal Rule of Evidence 404(b). (Doc. # 335). Defendant did not file a response, and the deadline to respond has now passed.

**I. Background**

The facts of the instant case are familiar to the court. Defendant Benzer is accused of directing and facilitating an elaborate scheme to take over homeowners association ("HOA") boards for financial gain. (Doc. # 335). He is charged with conspiracy, mail fraud, and wire fraud. (Doc. # 1).

In the instant motion, the government seeks a ruling on the admissibility of other acts evidence. Defendant is charged separately from this case for failing to disclose over $8 million earned from the alleged conspiracy to the Internal Revenue Service ("IRS"). The government argues that this evidence is admissible against defendant to show his knowledge that the alleged scheme was unlawful.

. . .

. . .

## II. Legal Standard

### A. Motions in limine

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under federal rule of evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

### B. Intrinsic evidence

Evidence that is inextricably intertwined with the instant crime charged is considered to be intrinsic. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). Where evidence meets this test, it is exempt from the prohibition on character evidence in federal rule of evidence 404(b). *Id.*; *see also* Fed. R. Evid. 404(b) (stating that evidence of other acts is not admissible to prove that defendant acted in accordance with a particular trait).

The Ninth Circuit has permitted evidence as intrinsic in two instances. First, evidence may be inextricably intertwined with the instant offense where the other act "constitute[d] a part of the transaction that serves as the basis for the criminal charge." *Id.* "The policies underlying rule 404(b) are inapplicable when offenses committed as part of a 'single criminal episode' become other acts simply because the defendant is 'indicted for less than all of his actions.'" *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) (quoting *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987)).

Second, evidence may be admitted as intrinsic where "it [is] necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime . . . ." *Vizcarra-Martinez*, 66 F.3d at 1012-13.

C.  Other acts evidence

Federal Rule of Evidence 404(b)(1) states that, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, rule 404(b)(2) allows introduction of such evidence "for another purpose, such as proving . . . knowledge . . . ." Fed. R. Evid. 404(b)(2).

In the Ninth Circuit, evidence is admissible under rule 404(b) if "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008). The fourth prong is a prerequisite when the evidence is introduced to prove intent. *See United States v. Luna*, 21 F.3d 874, 878 n.1 (9th Cir. 1994).

Evidence passing the rule 404(b) test is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403; *United States v. Ramirez-Jimenez*, 967 F.2d 1321, 1327 (9th Cir. 1992).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

### III. Discussion

*A. Intrinsic evidence*

The government contends that defendant's tax fraud was inextricably intertwined with the alleged conspiracy. (Doc. # 335). Namely, the government claims that the money defendant obtained through tax fraud was used to fund the conspiracy at issue. (Doc. # 335).

The Ninth Circuit has classified evidence as intrinsic in similar cases. *See United States v. Ripinsky*, 109 F.3d 1436, 1442 (9th Cir. 1997) (upholding admission of evidence of diverted funds as related to fraud claims in ongoing conspiracy) (reversed on other grounds); *United States v. Freeman*, 6 F.3d 586, 599-600 (9th Cir. 1993) (affirming admission of evidence of money paid to defendant charged with money laundering and extortion).

Here, defendant's tax fraud is similarly intertwined with the instant charges. Defendant's false statements to the IRS are related to the conspiracy because he used the resulting money to fund the criminal activity charged. Further, the tax fraud allowed defendant to cover up the alleged misconduct. As such, it was essential to the conspiracy. Consequently, the court finds that this evidence is inextricably intertwined with the crimes at issue.

*B. Other acts evidence*

As stated, evidence of defendant's tax fraud should be admitted as intrinsic evidence. Nevertheless, pursuant to the legal standard above, the court also finds that this evidence would meet rule 404(b)'s test of admissibility to prove knowledge.

First, evidence of deliberate false statements to the IRS is material to the pending charges against defendant. Defendant is charged with conspiracy, mail fraud, and wire fraud, all of which require knowledge. 18 U.S.C. §§ 1341, 1343, 1349; *see also United States v. Ward*, 747 F.3d 1184, 1190 (9th Cir. 2014). More specifically, evidence of fraudulent tax returns has been admitted to show knowledge of illegal activity. *See United States v. Fuchs*, 218 F.3d 957, 965 (9th Cir. 2000).

Second, the proposed evidence meets the 404(b) test for remoteness. According to the government, defendant filed his fraudulent tax returns within days of the alleged illegal conduct. This proximity is far from remote and tends to show the relatedness of the conduct.

**James C. Mahan**
**U.S. District Judge**

- 4 -

Third, the evidence is sufficient to support a finding that defendant committed the other act. The government contends that defendant's personal disclosure form indicates around a mere $4,000. This is clearly less than the millions of dollars defendant is charged with obtaining through the fraudulent HOA scheme. As such, the evidence is sufficient to show defendant's fraudulent filing with the IRS.

Finally, while the evidence here is sufficiently similar to the instant criminal allegations, this prong is not required where the other act is introduced to show knowledge. *United States v. Ramirez-Jimenez*, 967 F.2d 1321, 1327 (9th Cir. 1992). As long as the evidence is relevant to show knowledge under rule 401, it is admissible. *Id.* This standard is met here, as defendant's fraudulent tax disclosures tend to show that he knew that the HOA scheme was unlawful.

Further, defendant has not argued that the other acts evidence at issue is unfairly prejudicial under rule 403. The evidence is highly probative of defendant's knowledge regarding the alleged unlawful conduct. While this evidence may disadvantage defendant at trial, its probative nature is not substantially outweighed by the danger of unfair prejudice.

Therefore, pursuant to the legal standard above, the court finds that evidence of defendant's tax fraud would be admissible to prove knowledge under rule 404(b). Nevertheless, this evidence is properly admitted as intrinsic evidence outside the scope of rule 404(b).

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the government's motion *in limine*, (doc. # 335), be, and the same hereby is, GRANTED.

DATED September 26, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -