UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:13-CR-18 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| LEON BENZER, et al., | |
| Defendant(s). | |

Presently before the court is defendant Leon Benzer's (hereinafter "defendant") motion to reconsider. (Doc. # 387). The government filed a response, (doc. # 412), and defendant filed a reply, (doc. # 418).

**I.   Background**

The facts of the instant case are familiar to the court and the parties. Defendant Benzer is accused of directing and facilitating an elaborate scheme to take over homeowners association ("HOA") boards for financial gain. (Doc. # 335). He is charged with conspiracy, mail fraud, and wire fraud. (Doc. # 1).

On August 18, 2014, the government filed a motion *in limine* seeking to admit other acts evidence pursuant to Federal Rule of Evidence 404(b). (Doc. # 335). The government sought a ruling on the admissibility of evidence that defendant failed to disclose funds related to the instant conspiracy to the IRS. (Doc. # 335).

Pursuant to the court's normal briefing schedule, responses to the motion were due on September 9, 2014. Defendant did not file a response. On September 26, 2014, the court granted the government's motion. (Doc. # 367). Defendant then filed the instant motion to reconsider the court's order on the motion *in limine*. (Doc. # 387).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

"While the Federal Rules of Criminal Procedure do not contain a provision specifically allowing motions for reconsideration, numerous circuit courts have held that motions for reconsideration may be filed in criminal cases." *see United States v. Hector*, 368 F.Supp.2d 1060, 1062-63 (C.D. Cal. 2005) (reversed on other grounds); *see also United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) (noting that "post-judgment motions for reconsideration may be filed in criminal cases").

"No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). District courts have judicial discretion to revisit evidentiary rulings at any time. *See id.* (applying this standard to district court's reconsideration of suppression motion).

More specifically, "In limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

## III. Discussion

In substance, defendant's motion for reconsideration simply sets forth defendant's arguments in response to the government's initial motion. The government states in its response to defendant's motion to reconsider that it does "not oppose this Court's consideration of [defendant's] legal arguments . . . as his arguments are unavailing and do not change the outcome that this evidence is in fact admissible." (Doc. # 412).

In light of the court's flexibility with regard to evidentiary rulings and reconsideration of rulings in criminal cases, the court will consider defendant's motion in its entirety and address each of defendant's arguments in turn.

### i. *Failure to file response*

Defendant argues in the instant motion that his counsel inadvertently failed to file an opposition to the motion *in limine*. (Doc. # 387). As a result, "defendant urges the court not to penalize this defendant due to the failure of his counsel to file a response." (Doc. # 387).

**James C. Mahan**
**U.S. District Judge**

- 2 -

The court did not grant the motion *in limine* on the grounds that defendant failed to file a response. Instead, the court considered the proposed evidence in light of the appropriate legal standard and found that it was properly admitted both as intrinsic evidence and as other acts evidence pursuant to Federal Rule of Evidence 404(b). (Doc. # 366).

Accordingly, defendant's concern that the court granted the motion based on his failure to file a response is unfounded, and the motion to reconsider is not properly granted on this ground. The court will therefore address defendant's substantive arguments in support of his motion.

    *ii.*    *Intrinsic evidence*

Defendant states that the evidence is not inextricably intertwined with the instant allegations, and that it is therefore not admissible as intrinsic evidence. (Doc. # 387).

In support of this argument, defendant notes that the offense of tax evasion is not included in the instant indictment as an act that furthered the conspiracy. (Doc. # 387). Defendant attempts to distinguish *United States v. Ripinsky*, 109 F.3d 1436, 1442 (9th Cir. 1997) and *United States v. Freeman*, 6 F.3d 586, 599 (9th Cir. 1993), on factual grounds.

In *Ripinsky*, the court found that evidence of other acts was properly admitted as intrinsic evidence despite the fact that defendants were not indicted for those acts. 109 F.3d at 1442. Defendant's argument regarding inclusion of the other acts in the indictment is therefore without merit. The *Ripinsky* court allowed evidence of defendants' diversion of funds where the crimes "were part of the ongoing scheme to defraud the banks, they were part of the same transaction . . . to which some of the counts in the indictment related, and they were direct evidence of the ongoing conspiracy." *Id.*

The court therefore finds that the evidence is admissible under *Ripinsky*, as defendant's unreported income was used to fund the conspiracy. As the government notes, defendant's failure to disclose these assets to the IRS allowed him to continue the alleged conspiracy undetected. (Doc. # 412).

By contrast, full disclosure to the IRS regarding defendant's monetary gain would have forced defendant to pay significant taxes, losing money that the government alleges he needed to

James C. Mahan
U.S. District Judge

- 3 -

continue his illegal operations. As a result, the court again finds that these other acts were essential to the conspiracy and are admissible as intrinsic evidence.

Defendant's attempt to distinguish *Freeman* is similarly unconvincing. The *Freeman* court found that evidence that the defendant accepted certain payments was properly admitted as intrinsic evidence because it "tended to prove that he knew the purpose of the payments and, thus, possessed the requisite intent." 6 F.3d at 599.

Accordingly, the fact that the instant evidence may not show "how the relationship between [defendants] developed" does not make it inadmissible. *See id.* In fact, the instant evidence of failure to report income to the IRS is directly related to defendant's knowledge of illegality and intent to further the alleged conspiracy.

Based on the foregoing, the court finds that defendant has not shown any grounds warranting reconsideration of the court's order on the motion *in limine*. Defendant does not make any argument or point to any legal authority that warrants a change in the court's evidentiary ruling at this time.

Because the court initially found this evidence to be admissible as intrinsic evidence, reconsideration on the basis of defendant's 404(b) arguments would not be warranted. However, the court also noted in its prior order that the evidence would be admissible under Rule 404(b). (Doc. # 366). Accordingly, the court will now address defendant's arguments against admission under that rule.

    *iii.    404(b) other acts evidence*

Defendant also argues that the evidence is not properly admitted under Federal Rule of Evidence 404(b). (Doc. # 387). Defendant seems to contend that knowledge is not an element of wire or mail fraud, and thus that the evidence at issue does not tend to prove a material point. Accordingly, defendant argues that *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1327 (9th Cir. 1992) is inapplicable, as that case involved crimes for which knowledge was an element.

Knowledge of a conspiracy's objective and intent to further that objective are requisite elements for a charge of conspiracy. *See United States v. Moreland*, 622 F.3d 1147, 1169 (9th Cir. 2010); *United States v. Reed*, 575 F.3d 900, 923 (9th Cir. 2009). As a result, *Ramirez-*

**James C. Mahan**
**U.S. District Judge**

*Jiminez* is analogous and its holding that the government need not show similarity of evidence introduced to prove knowledge is controlling. 967 F.2d at 1326.

Similarly, the court finds that *United States v. Fuchs* was properly applied to the evidence of this case. 218 F.3d 957, 965 (9th Cir. 2000). The *Fuchs* court admitted evidence of failure to report fraudulently-obtained income to the IRS to prove knowledge of illegality. *Id.* This holding is directly on point and the motion *in limine* was therefore also properly granted on these grounds. Accordingly, the court will not disturb its ruling on the motion *in limine* based on defendant's 404(b) arguments.

   *iv.*  *Rule 403 unfair prejudice*

Defendant finally argues that the instant evidence is inadmissible under Federal Rule of Evidence 403, contending that its probative value is substantially outweighed by unfair prejudice. (Doc. # 387). Defendant states that the instant evidence will mislead the jury into believing that defendant is a tax cheat and that he therefore is guilty of the present charges. (Doc. # 387). He contends that admission of the instant evidence will affect his decision whether to testify. (Doc. # 387).

Defendant also argues that admitting the evidence of tax evasion will require him to defend against a separate indictment within this case. (Doc. # 387). He further contends that the evidence is needlessly cumulative because the government already "intends to offer proof through bank records and other evidence that money from the Vistana project was placed into separate bank accounts and used for non-project-related expenses . . . ." (Doc. # 387).

The court does not find that defendant's arguments under Rule 403 warrant exclusion of the instant evidence. While the government's evidence may prejudice defendant, it should only be excluded where the dangers of unfair prejudice substantially outweigh the probative value of the evidence. *See* Fed. R. Evid. 403.

Defendant is charged with mail fraud, wire fraud, and conspiracy. Among other elements, the government must prove knowledge and intent to show that defendant is guilty. Pursuant to the standards above, the instant evidence is admissible to prove knowledge of

illegality and intent to further the conspiracy. The evidence is therefore probative of material issues in the case.

Defendant has not proven that the instant evidence is unfairly prejudicial. Introduction of the evidence does not mean that "the government will seek to have the jury decide whether, under the provisions of the tax code, [defendant] is guilty of another crime not charged in this indictment." (Doc. # 418).

Pursuant to normal procedure, the court will instruct the jury regarding the charges at issue in the case and the requisite elements that the government must prove. Where appropriate, the court may provide the jury with a limiting instruction regarding the proper purposes for which evidence may be considered.

Overall, reconsideration of the court's order granting the government's motion *in limine* is not warranted based on the parties' arguments and the applicable case law. As previously noted, the court may reconsider evidentiary rulings as appropriate at trial.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to reconsider, (doc. # 387), be, and the same hereby is, DENIED.

DATED December 8, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**