# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>LEON BENZER, et al.,<br><br>Defendant(s). | Case No. 2:13-CR-18 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Leon Benzer's (hereinafter "defendant") motion regarding jury selection procedures. (Doc. # 388). The government filed a response, (doc. # 406), and defendant filed a reply, (doc. # 422).

  *i.    Juror questionnaire*

Defendant first requests that the court permit the use of a targeted juror questionnaire. (Doc. # 388). Defendant states that such a questionnaire would assist the court in identifying potential jurors who have been exposed to pre-trial publicity about the case, who may reside in developments affected by the case, who have been affected by the drop in housing values, or who have been victims of construction defects. (Doc. # 388).

The government states in its response that it does not oppose defendant's request for a juror questionnaire. (Doc. # 406). The government believes that such a questionnaire would save counsel and the court significant time in voir dire. (Doc. # 406).

Defendant proposes that all counsel meet and agree on the content of the questionnaire. (Doc. # 388). Defendant asks that potential "jurors complete the questionnaire on Thursday of the week before trial, that the questionnaires be made available to all counsel for review over the

**James C. Mahan**
**U.S. District Judge**

weekend and to prepare (and agree, if possible) on cause challenges at the start of the trial." (Doc. # 388).

The court will grant defendant's request for use of a jury questionnaire. The parties shall agree on the contents of the questionnaire and submit a proposed questionnaire to the court for approval.

    *ii.    Attorney-conducted voir dire*

Defendant also requests that the court permit targeted, time-limited, attorney-conducted voir dire of the full venire in this case. (Docs. # 388, 422). The government "does not oppose limited attorney-directed voir dire of potential jurors, but suggests that such voir dire should be conducted on an individual juror basis outside of the presence of the remainder of the venire." (Doc. # 406).

This request will be denied. Pursuant to normal procedure, the court will conduct voir dire in this case. Counsel should submit any proposed voir dire questions to the court at the appropriate time prior to trial.

    *iii.    Large panel of jurors*

The government also asks in its response that the court bring in a larger-than-normal panel of potential jurors for voir dire based on the potential for conflicts and the length of trial. This is the court's normal procedure for lengthy trials.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion regarding jury selection procedures, (doc. # 388), be, and the same hereby is, GRANTED in part and DENIED in part, pursuant to the foregoing.

DATED December 9, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**