1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,           )
                                    )
              Plaintiff,            )     Case No.: 2:13-cr-00018-JCM-GWF
                                    )
vs.                                 )     **ORDER**
                                    )
LEON BENZER, et al.,                )     **Motion for Relief from Prejudicial**
                                    )     **Joinder of Defendants for Trial -**
              Defendants.           )     **#389**
                                    )

This matter is before the Court on Defendant Leon Benzer's Motion for Relief from Prejudicial Joinder of Defendants for Trial (#389), filed on November 3, 2014. The Government filed its Opposition (#407) on November 20, 2014. Defendant Benzer filed his Reply (#421) on November 25, 2014. The Court conducted a hearing in this matter on December 15, 2014.

### BACKGROUND

The Court has set forth the factual background of this case in Order (#432) denying Co-Defendant Keith Gregory's motion to sever. In his motion for relief from prejudicial joinder, Defendant Benzer argues that his Sixth Amendment right to confront the witnesses against him will be violated if the Government introduces at trial statements made by non-testifying co-defendants that implicate Defendant Benzer. Although not explicitly requesting severance, Defendant Benzer states that the Government should be required to identify which co-defendant statements it intends to use at trial so that the court can determine whether Defendant Benzer's confrontation rights will be compromised by the joint trial of the defendants.

Defendant Benzer argues that the Government's introduction of the following co-defendant statements will violate his confrontation rights:

1          1.      Edith Gillespie and Charles McChesney

2          Defendant Benzer asserts that the Government intends to introduce recorded statements

3    made by Co-Defendants Edith Gillespie and Charles McChesney to undercover informants.

4    Defendant Benzer indicates that the statements inculpate him on a number of details of the

5    allegations in the indictment.

6          2.      Rudolfo Ruvolo and David Ball

7          Defendant Benzer states that Co-Defendants Rudolfo Ruvolo and David Ball provided the

8    Government with statements and admissions which inculpated themselves and inculpated Benzer.

9          3.      Keith Gregory

10         Defendant Benzer states that the Government should be required to provide the statements,

11   calendar entries, and written documents signed by Defendant Gregory, all of which may constitute

12   inculpatory evidence against Benzer, so that a Confrontation Clause analysis can be performed.

13   Defendant Benzer further states:  "In the case of Benzer's former attorney, should the government

14   seek to establish a time line through the use of records seized from Gregory's office, those records

15   constitute statements of Gregory, which cannot be introduced as admissions of Gregory absent an

16   opportunity to cross-examine on the part of Benzer."  *Motion (#389), pgs. 2-3.*

17         The Government argues that statements made by Ms. Gillespie and Mr. McChesney to

18   undercover informants are "nontestimonial" and therefore their introduction at trial will not violate

19   Defendant Benzer's Sixth Amendment right to confront and cross-examine the witnesses against

20   him.  The Government identified by page and line numbers those portions of the transcripts of Ms.

21   Gillespie's and Mr. McChesney's statements that it plans to introduce at trial.  The Government has

22   since provided copies of the transcripts to Defendants' counsel which mark those portions of the

23   statements that the Government intends to use at trial.  The Government does not intend to

24   introduce statements made by Co-Defendants Ruvolo and Ball to law enforcement officers in its

25   case in chief, but reserves the right to impeach Ruvolo or Ball with their statements if they testify.

26   Because Mr. Ruvolo's and Mr. Ball's statements will only be used if they testify at trial, the

27   Government states that no *Bruton* issue will be present.  The Government argues that the alleged

28   statements of Co-Defendant Keith Gregory cited in Defendant Benzer's motion are nontestimonial

2

1    statements that are not within the scope of the Confrontation Clause.  It also argues that Defendant

2    Gregory's "statements" were made in furtherance of the conspiracy and are therefore admissible

3    against all of the alleged conspirators under Fed.R.Evid. 801(d)(2)(E).

4                                              **DISCUSSION**

5            Rule 8(b) of the Federal Rules of Criminal Procedure permits the joinder of defendants who

6    have allegedly participated in the same act or transaction or the same series of acts or transactions

7    constituting an offense or offenses.  Co-defendants jointly charged are, *prima facie*, to be jointly

8    tried.  *United States v. Mariscal*, 939 F.2d 884, 885 (9th Cir. 1991).  This rule "should be construed

9    broadly in favor of initial joinder."  *United States v. Ford*, 632 F.2d 1354, 1373 (9th Cir.), *cert.*

10   *denied*, 450 U.S. 934, 101 S.Ct. 1399 (1981).  Rule 14(a) states, however, that if joinder of offenses

11   or defendants for trial appears to prejudice a defendant or the government, the court may order

12   separate trials of counts, sever the defendants' trials or provide any other relief that justice requires.

13   To obtain severance, a defendant must satisfy the "heavy burden" of showing that prejudice would

14   result from joinder.  *United States v. Sitton*, 968 F.2d 947, 961 (9th Cir. 1992).

15           Separate trials may be necessary when the government intends to introduce the confession

16   of a non-testifying defendant that implicates another defendant and the confession cannot be

17   redacted to omit any reference to the other defendant or to his or her existence.  *See Bruton v.*

18   *United States*, 391 U.S. 123, 88 S.Ct. 1620 (1968); *Richardson v. Marsh*, 481 U.S. 200, 107 S.Ct.

19   1702 (1987); and *Gray v. Maryland*, 523 U.S. 185, 118 S.Ct. 1151 (1998).  The introduction of a

20   statement made by a non-testifying co-defendant does not require severance, however, unless the

21   statement facially, expressly, clearly or powerfully implicates the defendant.  *United States v.*

22   *Olano*, 62 F.3d 1180, 1195 (9th Cir. 1995); *United States v. Angwin*, 271 F.3d 786, 796 (9th Cir.

23   2001); and *United States v. Hernandez-Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008).  The

24   admission of a co-defendant's statement which does not incriminate the defendant unless it is

25   linked with other evidence introduced at trial, does not violate the defendant's Sixth Amendment

26   rights.  *United States v. Hoac*, 990 F.3d 1099, 1105 (9th Cir. 1993).

27           The application of the Confrontation Clause to statements made by non-testifying co-

28   defendants has been further limited by *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354

1    (2004).  *Crawford* held that *testimonial* statements of witnesses absent from trial are admissible

2    only where the declarant is unavailable and only when the defendant had a prior opportunity to

3    cross-examine the declarant.  *Crawford* indicated, but did not specifically hold, that nontestimonial

4    hearsay statements are beyond the scope of the Confrontation Clause.  In *Whorton v. Bockting*, 549

5    U.S. 406, 413-14, 127 S.Ct. 1173, 1179 (2007), the Court noted its statement in *Crawford* that

6    *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531 (1980), which previously governed application of the

7    Confrontation Clause, potentially excluded too much testimony because it imposed Confrontation

8    Clause restrictions on nontestimonial hearsay not governed by the Clause.  After noting that

9    *Crawford* is more restrictive than *Roberts* with respect to *testimonial* out-of-court statements, the

10   Court stated:

11   > But whatever improvement in reliability *Crawford* produced in this
   > respect must be considered together with *Crawford's* elimination of
12   > Confrontation Clause protection against the admission of unreliable
   > out-of-court nontestimonial statements.  Under *Roberts*, an out-of-
13   > court nontestimonial statement not subject to prior cross-examination
   > could not be admitted without a judicial determination regarding
14   > reliability.  Under *Crawford*, on the other hand, the Confrontation
   > Clause has no application to such statements and therefore permits
15   > their admission even if they lack indicia of reliability.

16        *Whorton*, 549 U.S. at 420, 127 S.Ct. at 1183.

17        In *United States v. Larson*, 495 F.3d 1094, 1099-1100 n. 4 (9th Cir. 2007) (en banc), the

18   Ninth Circuit interpreted this passage from *Whorton* as follows:

19   >  The Supreme Court has since clarified, however, that *Crawford*
   > "eliminat[es] Confrontation clause protection against the admission
20   > of unreliable out-of-court non-testimonial statements" and that "the
   > Confrontation Clause has no application to such statements and
21   > therefore permits their admission even if they lack indicia of
   > reliability." *Whorton v. Bockting,* 549 U.S. 406, 127 S.Ct. 1173,
22   > 1183, 167 L.Ed.2d 1 (2007).  Adopting the portions of the
   > three-judge panel opinion that concluded that the out-of-court
23   > statements by Komeotis and Laverdure were made in furtherance of
   > the conspiracy and were nontestimonial, 460 F.3d at 1212-13, we
24   > hold that under *Crawford,* Defendants' Confrontation Clause rights
   > were not violated by the admission of these statements.
25
        Other circuits agree with this interpretation of *Crawford.  See United States v. Castro-*
26
     *Davis*, 612 F.3d 53, 65 (1st Cir. 2010); *United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir.
27
     2010); and *United States v. Johnson*, 581 F.3d 320, 326 (6th Cir. 2009).
28

1   *Crawford* stated that "testimonial" statements are those which a declarant would reasonably

2   expect to be used prosecutorially.  541 U.S. at 51, 124 S.Ct. at 1364.  The Court did not provide a

3   comprehensive definition of the term "testimonial," but stated that it applies at minimum to prior

4   testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police

5   interrogations.  541 U.S. at 68, 124 S.Ct. at 1374.  The Court has since stated that the trial court

6   should look to the primary purpose of the statement to determine whether it is testimonial.

7   *Michigan v. Bryant*, --- U.S. ---, 131 S.Ct. 1143, 1157 (2011).  *United States v. Rojas-Pedroza*, 716

8   F.3d 1253, 1267 (9th Cir. 2013), quoting *Melendez–Diaz v. Massachusetts,* 557 U.S. 305, 310, 129

9   S.Ct. 2527, 174 L.Ed.2d 314 (2009), states that "[a] statement is testimonial when it is 'made under

10  circumstances which would lead an objective witness reasonably to believe that the statement

11  would be available for use at a later trial.'"  The court further stated that "'the relevant inquiry is

12  not the subjective or actual purpose of the individuals involved in a particular encounter, but rather

13  the purpose that reasonable participants would have had, as ascertained from the individuals'

14  statements and actions and the circumstances in which the encounter occurred.'"  *Id.*

15      Prior to *Crawford*, the Supreme Court had held that the admission of statements made by a

16  co-conspirator in furtherance of the conspiracy did not violate the Confrontation Clause because

17  such statements are also admissible against the defendants charged with the conspiracy pursuant to

18  Fed.R.Evid. 801(d)(2)(E).  *United States v. Bridgeforth*, 441 F.3d 864 (9th Cir. 2006), citing

19  *Bourjaily v. United States*, 483 U.S. 171, 182, 107 S.Ct. 2275, 97 L.Ed.2d 144 (1987).  In order for

20  a statement to qualify for admission under this rule, the following preliminary facts must be shown:

21  (1) there was a conspiracy, (2) the defendant and the declarant were participants in the conspiracy,

22  and (3) the statement was made by the declarant during and in furtherance of the conspiracy.

23  *Bridgeforth*, 441 F.3d at 869.  *Bridgeforth* notes that this rule survives *Crawford* because "co-

24  conspirator statements are not testimonial."  *Id*, 441 F.3d at 869 n. 1, quoting *United States v. Allen*,

25  425 F.3d 1231, 1235 (9th Cir. 2005).

26      Other federal circuits have held that statements made unwittingly by a non-testifying co-

27  defendant to an undercover officer or informant are nontestimonial.  As the Eighth Circuit stated in

28  *United States v. Dale*, 614 F.3d 942, 956 (8th Cir. 2010):

Under any formulation of the rule, Dale's incriminating statements made to Smith were not testimonial.  Indeed, it is clear enough that Dale had no idea Smith was wearing a wire, or that the incriminating statements he made to Smith would ultimately be used against him at trial.  Had Dale known the authorities were listening in, he likely would not have admitted to committing two unsolved murders.  In this sense, we cannot say that Dale, in making the statements, "would reasonably expect [the statements] to be used prosecutorially." *Id.* Nor can we say that an objective witness, in these circumstances, would "reasonably ... believe that the statement would be available for use at a later trial." *Id.*  Thus, the critical distinction between *Bruton* and this case is the circumstances under which the out-of-court statement was made.  Whereas in *Bruton* the incriminating statement was the product of a formal interrogation and therefore testimonial, the incriminating statements made by Dale here were made unwittingly, and not in anticipation by Dale of future use of the statements at trial.   Under our present understanding of the confrontation right, governed by *Crawford,* the introduction of Dale's out of court statements did not violate Johnson's confrontation right.

In so holding, we join many of our sister circuits, which have similarly concluded that the out-of-court statement of a co-defendant made unknowingly to a government agent is not testimonial within the meaning of *Crawford.  See United States v. Udeozor,* 515 F.3d 260, 269–70 (4th Cir. 2008); *United States v. Watson,* 525 F.3d 583, 589 (7th Cir. 2008); *United States v. Underwood,* 446 F.3d 1340, 1347–1348 (11th Cir. 2006); *United States v. Hendricks,* 395 F.3d 173, 182–184 (3d Cir. 2005); *United States v. Saget,* 377 F.3d 223, 229–230 (2d Cir. 2004).

Other circuits have reached the same conclusion.  *See United States v. Pelletier*, 666 F.3d 1, 9-11 (1st Cir. 2011); *Brown v. Epps*, 686 F.3d 281, 287-89 (5th Cir. 2012); *United States v. Mooneyham*, 473 F.3d 280, 286-87 (6th Cir. 2007); and *United States v. Morgan*, 748 F.3d 1024, 1038 (10th Cir. 2014).  *Brown v. Epps* notes that no circuit has reached the contrary conclusion.  *Id.* at 288.  District court decisions in the Ninth Circuit have also held that such statements are nontestimonial and therefore not governed by the Confrontation Clause.  *See Zambrano v. Prosper*, 2011 WL 1532403, *15 (C.D.Cal. 2011) and *McCulloch v. Horel*, 2008 WL 755919, *10 (C.D.Cal. 2008).

Defendant Benzer argues that no Ninth Circuit decision has specifically addressed this question.  *United States v. Larson* and *United States v. Bridgeforth* state, however, that nontestimonial statements are not within the scope of the Confrontation Clause and it is this legal conclusion that underpins decisions such as *United States v. Dale.*  Therefore, the introduction at trial of Ms. Gillespie's and Mr. McChesney's nontestimonial statements does not violate Defendant

6

Benzer's Sixth Amendment rights and does not require severance of his trial.  Likewise, the

introduction of nontestimonial statements, calendar entries, and other written documents signed by

Defendant Gregory do not require severance of Defendant Benzer's trial.  Such evidence may also

be admissible against Defendant Benzer under Fed.R.Evid. 801(d)(2)(E) as statements made by a

co-conspirator in furtherance of the conspiracy.  There is no indication that the Government intends

to introduce any testimonial statements made by non-testifying Defendants which incriminate

Defendant Benzer.  If the Government intends to introduce such statements, however, then it

should notify Defendants and the Court, *in camera*, at least thirty (30) days before trial of the

substance of the statements and of any redactions thereof as necessary.

## CONCLUSION

Based on the foregoing, the Court finds that Defendant Benzer has not shown that the

Government intends to introduce testimonial statements made by non-testifying co-defendants that

implicate Defendant Benzer in the crimes charged in the indictment.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant Leon Benzer's Motion for Relief from

Prejudicial Joinder of Defendants for Trial (#389) is **denied**, without prejudice.

DATED this 18th day of December, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge