1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

LEON BENZER, et al.,

Defendant(s).

Case No. 2:13-CR-18 JCM (GWF)

ORDER

Presently before the court are the report and recommendation of Magistrate Judge Foley. (Doc. # 447).  No objections have been filed, and the deadline for filing objections has passed.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection."  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed.  *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").  Thus, if

**James C. Mahan**
**U.S. District Judge**

there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this court finds it appropriate to engage in a de novo review to determine whether to adopt the recommendation of the magistrate judge. Since Judge Foley issued his report and recommendation, defendant Benzer pled guilty to all counts of the indictments against him. (Doc. # 456). Accordingly, his motion to dismiss for prosecutorial misconduct is now moot. As a result, defendant Gregory's motion for joinder to defendant Benzer's motion is also moot.

However, upon de novo review, the court concurs with Judge Foley's analysis of both of the pending motions on the merits. Therefore, even if the motions were not moot, the court would deny them on the merits and adopt Judge Foley's report and recommendation in their entirety.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the court hereby DECLINES TO ADOPT the report and recommendation of Magistrate Judge Foley, (doc. # 447), because they are now moot.

IT IS FURTHER ORDERED that defendant Leon Benzer's motion to dismiss for prosecutorial misconduct, (doc. # 390), be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant Gregory's joinder to Benzer's motion to dismiss, (doc. # 410), be, and the same hereby is, DENIED as moot.

DATED February 3, 2015.


_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge