MARGARET A. MCLETCHIE
Nevada State Bar No. 10931
LANGFORD MCLETCHIE LLC
616 South Eighth Street
Las Vegas, NV 89101
(702) 471-6565
maggie@nvlitigation.com
*Attorney for the Las Vegas Review-Journal*

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702)471-6540

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>LEON BENZER, et al.<br>Defendants. | Case No.: 2:13-cr-00018-JCM-GWF<br><br>**MOTION TO DISSOLVE PROTECTIVE ORDERS** |

Pursuant to Rule 47(a) of the Federal Rules of Criminal Procedure, the Las Vegas Review-Journal (the "Review-Journal") moves the Court to dissolve the protective orders entered in this case.

## I. INTRODUCTION

The above-captioned case, along with a number of related cases, has been a fixture in local and national media throughout its pendency. Prosecutors in this matter have estimated the fraud which gave rise to this case has cost, or was intended to cost, victims some $60,000,000.00. Approximately forty defendants have pled or been found guilty in connection with this case, and the fraud that gave rise to it. The conspiracy involved former police officers, members of the local bar, and prominent area business owners. The investigation which resulted in numerous warrants, raids, and ultimately the charges, convictions, and guilty pleas in this and other related cases, were carried on by local and federal agencies. The efforts of investigators and prosecutors were reported on extensively, both locally and nationally.

LANGFORD McLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702)471-6540

It is the function of the press to report the news. One of the most critical aspects of news reporting is to inform the public of justice being carried out in the courts. In this regard, as well as others, the press is vital to the health of a democracy. "In short, justice must not only be done, it must be seen to be done. *United States v. Rosen*, 487 F. Supp. 2d 703, 716 (E.D. Va. 2007).

Throughout the pendency of this case, the Review-Journal and the public have been prevented from accessing certain filings, documents, and hearings. This is a result of the protective orders entered in this case, and several filings and hearings which remain sealed. In some instances the hearings merely contained budgetary discussions between the Court and defense counsel, which hearings were properly sealed. However, in other instances, there are likely documents, such as police reports authored both by local police and by the F.B.I., along with witness statements and recordings, and numerous other documents and evidence that have been kept from the public view. Now that the charges in this case have all been resolved, the First Amendment and common law rights of the press and the public to access the courts and trials carried out in those courts demands that these documents and hearings be unsealed, and the protective orders entered in this case be dissolved.

## II. PROCEDURAL HISTORY

### A. Indictment.

On January 15, 2013, a seventeen-count Indictment was filed in this matter, naming eleven defendants. (Doc. 1.) On January 16, 2013, ten of the defendants pleaded not guilty to the charges they faced. (Docs. 34 – 43.) On February 4, 2013, Ricky Anderson, the only defendant to not have previously appeared, pleaded not guilty to the charges he faced. (Doc. 51.) During the January 16, 2013 hearing, counsel for the government notified the court that it was circulating a proposed protective order. (*See* Minutes for Doc. 34 – 43.)

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702)471-6540

**B. The protective orders.**

On January 28, 2013, all parties filed a stipulation for a protective order ("First Protective Order"). (Doc. 45.) The following day, January 29, 2013, the First Protective Order was entered. (Doc. 46.) The First Protective Order requires that any "Protected Document" (Doc. 46, p. 2:14 – 15) shall not be disclosed by any party to the public. (Doc. 46, pp. 1 – 2.) The First Protective Order defines "Protected Document" as one which:

> […] contain[s] the personal identifying information such as social security numbers, drivers (sic) license numbers, dates of birth, bank account numbers, bank records, or addresses of participants, witnesses and victims in this case.

(Doc. 46, p. 2:11 – 14.) Because of the volume of documents involved in the case, the need for some of those to be used by the government in its case-in-chief, and the need therefore for the Defendants to have prompt access, the First Protective Order allowed the government to provide the documents in unredacted form to the Defendants, as performing necessary redactions would have been prohibitive to giving Defendants prompt access to the documents. (Doc. 46, pp. 2:16 – 3:3.) By the terms of the First Protective Order, Defendants were prohibited from allowing anyone other than their staff, experts, or investigators related to the case from accessing any "Protected Document." (Doc. 46, p. 3:1 – 3.) Counsel for the Defendants were also required to return any Protected Document to counsel for the government "[…]within a reasonable time, not to exceed thirty days after the last appeal is final." (Doc. 46, p. 3:18 – 23.)

On May 12, 2014, a second stipulation for protective order was filed ("Second Protective Order"). (Doc. 281.) The United States, along with Defendants Benzer, Gregory, McChesney, Ruvolo, and Ball, entered the stipulation. (*Id.*) On May 13, 2014, the following day, the Second Protective Order was entered. (Doc. 283.) Following an unopposed motion asking that he be bound to the Second Protective Order, the Court ordered that Defendant Anderson also be bound by it. (Doc. 290.) Following the Second Protective Order, counsel for the government was entitled to designate any document a "Protected Document" without any oversight by the Court. (Doc. 283, p. 2:18 – 20.) The

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702)471-6540

Second Protective Order prohibits anyone other than Defendants, their counsel, and the employees or others working on the case on behalf of defense counsel, from accessing "Protected Documents." (Doc. 283, p. 2:20 – 23.)

**C. Resolution of charges.**

As of March 17, 2015, all charges against all defendants in this case have been resolved—either by way of dismissal, plea, conviction, or acquittal.

On February 3, 2014, Defendant Levinson pleaded guilty to related charges in case 2:14-cr-00010-JCM-VCF-1. The charges he faced in this case were dismissed February 4, 2014. (Doc. 244.)

On May 22, 2014, Defendants Limon, Jose Luis Alvarez, and Rudolfo Alvarez-Rodriguez pleaded guilty to charges they faced, and their trials were vacated. (Doc. 284.)

On June 6, 2014, Defendant Anderson pleaded guilty to count One of the Indictment, and his trial was vacated. (Doc. 292.)

On January 23, 2015, Defendant Benzer pleaded guilty to the charges against him in this matter, and his trial was vacated. (Doc. 456.)

On January 27, 2015, Defendant McChesney pleaded guilty to the charges against him in this matter, and his trial was vacated. (Doc. 458.)

On March 17, 2015, Defendants Ball, Gillespie, Gregory, and Ruvolo were found guilty of charges they faced in this matter (Ruvolo was acquitted of one charge – Mail Fraud). (Doc. 545.)

On May 21, 2015, Defendants Anderson, Limon, Jose Luis Alvarez, and Rudolfo Alvarez-Rodriguez were sentenced. (Docs. 613 – 616.)

Sentencing hearings are presently set for Defendants Ball, Gillespie, Gregory, and Ruvolo, June 17, 2015. (Doc. 537.) A sentencing hearing is presently set for Defendant McChesney, July 20, 2015. (Doc. 458.) A sentencing hearing is presently set for Defendant Benzer, August 3, 2015. (Doc. 456.)

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702)471-6540

## III. ARGUMENT

Where a party seeks to have a hearing or a record closed from the public, the party must articulate the reasons such a drastic measure is necessary, and before ordering a hearing or document be sealed, the judge faced with the motion must make specific findings outlining the need for protection of some important right and the absence of any less restrictive means of protecting that right. Lastly, the press and the public must be presented with an opportunity to be heard as to why they should not be excluded from accessing either the hearing or documents at issue. In this case, none of these protections were in place, and the relief requested – dissolution of the protective order and unsealing of sealed documents and hearings – should therefore be granted.

### A. Legal Standard.

"A trial is a public event. What transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374 (U.S. 1947). There is a "presumption that the public and the press have a right of access to criminal proceedings and documents filed therein." *CBS, Inc. v. United States Dist. Court for Cent. Dist.*, 765 F.2d 823, 825 (9th Cir. 1985).

The access the press and public are presumed to have includes access to pre-trial, trial, and post-trial matters. *Id.*, *citing Globe Newspaper Co. v. Superior Court*, 457 U.S. at 606. There are only two types of documents which traditionally have been kept from the public view: "[…] grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), *citing Times-Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).

To overcome the presumption of access, a party must articulate a basis upon which denial of that access is necessary to preserve some competing interest. *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 ("*Press-Enterprise I*"). The court, faced with the motion to seal or close hearings or records, must then weigh the opposing interests and determine if any less restrictive means would provide the same

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702)471-6540

benefit without restricting the right to access, and make specific findings which allow a reviewing court to determine whether the order, if any, was properly entered. *Id.*

"Absent an overriding interest articulated in findings, the trial of a criminal case must be open to the public." *Richmond Newspapers v. Virginia*, 448 U.S. 555, 580-81 (U.S. 1980).

"Freedom of discussion should be given the widest range compatible with the essential requirement of the fair and orderly administration of justice." *Craig v. Harney*, 331 U.S. at 373.

**B. The Protective Orders Should Be Dissolved.**

The Protective Orders should be dissolved for three reasons. First, because the trial in this matter is complete (all other defendants entered pleas), any risk of prejudicing these proceedings has also dissolved. Second, they are unnecessarily broad. Third, they are procedurally flawed. If there is personal or confidential information contained within any records, such as social security numbers or other financial information, that can be redacted and the remainder of the record produced. This is a less restrictive means of accomplishing the same goal, which will increase public access and therefore public confidence.

These protective orders were each entered only one day after the stipulation by the parties was filed with this Court. There was, therefore, no opportunity for either the Review-Journal or members of the public to be heard as to the denial of access entertained by these orders. This procedural error is fatal, and the protective orders entered in this case must be dissolved on that basis.

The Protective Orders are also unnecessarily broad, and allow the United States to declare a document protected without any oversight by the Court. Indeed, they require documents to be filed under seal—and do not require a motion to seal. (Doc. 283, ¶ 9.) Effectively, the Government has been rendered the arbiter of whether the Review-Journal's First Amendment and common law rights are trumped by either the government's interest in economizing, or by the Sixth Amendment rights of any or all of the Defendants.

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702)471-6540

The combination of the breadth of the Protective Orders, and the fact that there was no opportunity for the Review-Journal or any member of the public to oppose their entry in this matter means that there exists the possibility that numerous documents, whose contents or very existence cannot be known to the Review-Journal which have been kept from the public unnecessarily, and perhaps unjustifiably. The Review-Journal now therefore requests access to these documents, to which end the Protective Orders should be dissolved.

The United States Supreme Court has held that restricting the public's access to trials is something to be done only where no less intrusive remedy will suffice, only once necessary procedural safeguards have been undertaken, and only where necessary to protect a right more important than the public's right to open access to the courts and free speech. In this case, all charges have been resolved. The Sixth Amendment rights of the Defendants are therefore no longer at risk of being violated. The only matter that remains is the sentencing of a small number of the Defendants, which hearing will certainly not be prejudiced by any disclosure of documents at this time. This case is therefore not an example of a case where the Sixth Amendment rights of the Defendants must trump the First Amendment rights of the public. Even were it, necessary procedural steps were not taken, and as a result the protective orders must be dissolved.

///

///

///

///

///

///

///

///

///

///

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 • FAX (702)471-6540

## IV. CONCLUSION

For the foregoing reasons, the Review-Journal respectfully requests that all Protective Orders previously entered in this case be dissolved.

DATED this 9th day of June, 2015.

Respectfully submitted,

LANGFORD MCLETCHIE LLC.

*/s/ Margaret A. McLetchie.*
MARGARET A. MCLETCHIE
Nevada State Bar No. 10931
LANGFORD MCLETCHIE LLC
616 South Eighth Street
Las Vegas, NV 89101
(702) 471-6565
maggie@nvlitigation.com
*Attorney for the Las Vegas Review-Journal*

LANGFORD MCLETCHIE LLC
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565 · FAX (702)471-6540

**CERTIFICATE OF SERVICE**

The undersigned, an employee of LANGFORD MCLETCHIE LLC, hereby certifies that on the 9th day of June, 2015, she served a true and correct copy of the above and foregoing MOTION TO DISSOLVE PROTECTIVE ORDERS, via CM/ECF electronic filing.

*/s/ Pharan Burchfield*
Employee of Langford McLetchie LLC