UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Respondent,<br>v.<br>LEON BENZER,<br>Movant. | Case No.: 2:13-cr-00018-RTB<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE** |

**Background**

Movant Leon Benzer has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). The undersigned has been designated for the District of Nevada for this specific case by order of the Chief Judge of the United States Court of Appeals for the Ninth Circuit. Having reviewed the motion, the Court finds that no hearing is necessary, the motion is denied, and a certificate of appealability is denied.

Movant and his partner masterminded a complicated criminal conspiracy to take over and defraud homeowner associations for condominium developments around Las Vegas, Nevada. The details of the scheme need not be repeated here but are set out in in a detailed Ninth Circuit decision as part of a consolidated appeal (dated September 25, 2017). That decision remanded the case to this Court for resentencing on an open record.

1

Movant's original sentence was 181 months. In 2018, following a successful appeal, Movant was resentenced to 151 months in Case No. 2:13-cr-0018 (the "Initial Case"), counts 1 to 17, and 60 months for Case No. 2:13-cr-00174 (the "Second Case"), with the sentences to run concurrently. This Court explained at the time of resentencing that the 151-month sentence "is at the high end of the guideline range, and I feel that that's an appropriate sentence at this time." Transcript 41:19-23 (Dkt. 870). This Court also imposed an order of restitution in the amount of $12,228,913.40, and as to the Initial Case, supervised release terms of five years for counts 1 to 12 and three years for counts 13 to 17. *Id.* at 42:8-16. As to the Second Case, the Court sentenced him to three years of supervised release for counts 1 and 2. *Id.* Defendant's supervised release terms for both sentences was to run concurrently. *Id.*

**Legal Principles**

"A motion to attack a prison sentence made under section 2255 is a federal prisoner's substitute for a petition for a writ of habeas corpus." Josephine R. Potuto, *The Federal Prisoner Collateral Attack: Requiescat in Pace*, 1988 B.Y.U. L. Rev. 37, 37 (1988). Under Section 2255, a movant is entitled to relief if the sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005).

If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a Section 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986); *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (providing that "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing"). Courts deny a hearing where "the petitioner's allegations, viewed against the record, fail to state a claim for relief." *United States v. McMullen*, 98 F.3d 1155, 1158-59 (9th Cir.

1996) (rejecting the appellant's contention that the district court erred by denying the appellant an evidentiary hearing on his ineffective assistance of counsel claim because the appellant failed to allege specific facts entitling him to relief) (internal quotations and citations omitted). The right to a hearing is earned by alleging "specific facts which, if true, would entitle him [or her] to relief." *Id*.

Movant seeks to set aside his sentence and order of restitution on the grounds that his attorney rendered ineffective assistance. A criminal defendant is entitled to the effective assistance of counsel at all stages of a criminal proceeding. Although he is entitled to an effective defense he is not entitled to a perfect defense, and attorney errors that have no effect or are not reasonably likely to have changed the outcome are not a basis for Section 2255 relief. Limitations on Section 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000).

Further, "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default. *Johnson*, 988 F.2d at 945; *see also Bousley v. United States*, 523 U.S. 614, 622 (1998). Defendants who fail to raise an issue on direct appeal may later challenge the issue under Section 2255 only if they demonstrate: (1) sufficient cause for the default and (2) prejudice resulting from it. *See Bousley*, 523 U.S. at 622. The "cause and prejudice" exception revives only defaulted constitutional claims, not nonconstitutional sentencing errors. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

Ineffective assistance of counsel claims are an exception to procedural default

3

because the trial record is often inadequate for the purpose of bringing these claims on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *see also Schlesinger*, 49 F.3d at 509 ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

**Discussion**

Movant neither challenges his conviction nor any advice leading up to his conviction. Rather, Movant limits his claims to matters of sentencing and restitution. Consequently, the issue is whether the assistance of Movant's attorney fell below the constitutional standard for effective assistance, and if it did, whether it is reasonably likely that such ineffective assistance changed the outcome of the resentencing. *Strickland v. Washington*, 466 U.S. 668 (1984); *Lockhart v. Fretwell*, 506 U.S. 364, 373-75 (1993) (O'Connor, J., concurring) ("The determinative question [is] whether there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"). The United States Government has filed a response. Movant has not filed a traverse.

Movant has twice appealed his sentences. As mentioned previously, the Ninth Circuit remanded for resentencing as a result of his initial appeal. Movant appealed again following his resentencing. This time, the Ninth Circuit affirmed the sentence and restitution order. *See United States v. Benzer*, Appeal No. 18-10323, Mem. Dispo. (9th Cir. Nov. 29, 2019). In its decision, the Ninth Circuit affirmed the loss amount of $12.4 million, an amount that is significant for correctly calculating the Sentencing Guidelines. The Ninth Circuit decision is significant in that some of Movant's claims now are that his attorney should have made arguments that the court of appeals has already found to be meritless. *Lockhart*, 506 U.S. at 373-75 ("It seems to me that the impact of advocating a decidedly incorrect point of law . . . is not a proper consideration when assessing 'the likelihood of a result more favorable to the defendant.'"); *United States v. Silveira*, 997 F.3d 911, 915 (9th Cir. 2021) (no prejudice under *Strickland* where lawyer overlooked a

4

non-viable defense).

**The Claims of Ineffective Assistance of Counsel**

Movant identifies seven claimed failures. The claims are addressed in order.

*Claim 1 (Failure to Retain a Construction Defect Expert)*

Movant's first claim is that his attorney failed to hire a construction defect expert prior to the first sentencing. Mem. Points and Auth. in Supp. (filed June 1, 2020), Dkt. No. 922 at 2. The argument is that an expert would have testified that the victims' losses were lower than the loss amount the Court actually used for sentencing and restitution. The amount of the victims' losses is a Sentencing Guidelines enhancement factor. *See* U.S. SENT'G GUIDELINES MANUAL § 2B1.1(b)(1). The Presentence Report calculated the Guidelines range with a 24-level enhancement for victim loss exceeding $50,000,000. The argument continues that, had an expert been able to persuade the Court that the loss amount was less than $50,000,000, then, the Guidelines sentence range would have been reduced. If the sentencing range under the Sentencing Guidelines had been reduced, the Court would have been guided lower in its sentencing and restitution order, according to Movant.

Whether Movant would have received a lower sentence is speculative. What is not speculative is that the claim is moot. *See, e.g.*, *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) ("[A]n issue is moot when deciding it would have no effect within the confines of the case itself."). Movant already appealed his sentence, and the Court of Appeals found error, vacated the sentence, and remanded for resentencing. *See United States v. Benzer*, Appeal No. 15-10421 and 15-10422, Mem. Dispo. (9th Cir. July 14, 2017), at 15 ("Therefore, we vacate Benzer's sentence and remand for resentencing on an open record."). Because the sentence was vacated, any ineffective assistance leading up to the vacated sentence did not affect the outcome of the later resentencing. Thus, Claim One does not support Section 2255 relief.

*Claim 2 (Failure to Object)*

Movant's second claim is that his attorney failed to object at the first sentencing.

5

He argues that there was a dispute as to the victims' loss amount, which the Court had not resolved. And he argues that his attorney should have objected to the unresolved dispute. Movant claims that his attorney's silence amounted to ineffective assistance of counsel. Mem. Points and Auth. in Supp., Dkt. No. 922, at 2. The implied argument is that had counsel objected, the Court would have resolved the dispute over the amount of the loss, the resolution would have been favorable to Movant, the Sentencing Guidelines would have been lower, and the sentence imposed would have been lower than 181 months.

As with his previous claim, whether Movant would have received a lower sentence is speculative. Thus, as was the case with that claim, what is not speculative is that the claim is moot. Movant appealed his sentence, and the Court of Appeals found error, vacated the sentence, and remanded for resentencing specifically addressing the Court's omission as the reason for vacating and remanding. *Benzer*, Appeal No. 15-10421 and 15-10422, Mem. Dispo., at 14. Defendant was resentenced, so his initial sentence is no longer significant. The second claim does not merit Section 2255 relief.

### *Claim 3 (Failure to Raise Fee Credit Issue)*

Movant's third claim is that his attorney failed to cite particular legal authorities for the Court at the first sentencing, second sentencing, and on appeal. Specifically, Movant argues his defense attorney failed to cite authorities regarding how to treat a $5,200,659 attorney fee his co-conspirator, Ms. Quon, Esq., received for filing and settling a fraudulent construction defect lawsuit in furtherance of the conspiracy. Mem. Points and Auth. in Supp., Dkt. No. 922, at 2-3. As before, Movant's argument as to his attorney's conduct at the first sentencing is moot in view of the resentencing that took place. Consequently, the third claim is considered only in the context of the resentencing proceedings and associated appeal.

The third claim of ineffective assistance of counsel is complicated. Some context is helpful. Vistana was a real estate condominium development. Movant and his co-conspirators took over the management of the Vistana homeowners' association. Co-conspirator Quon filed a construction defect suit on behalf of the Vistana homeowners'

association. The suit was settled for $19 million. Quon retained a contingency fee of $5,200,659. Movant claims that the attorney's fee was valuable to the Vistana homeowners' association. Therefore, Quon's attorney's fee of $5,200,659 should have been credited against, and reduced the amount of, the Vistana loss. Instead, at sentencing, the Vistana loss was found to be $12,375,557. This Court found that the attorney's fee award was worthless and should not be credited against Vistana's other losses. Movant now claims his attorney was ineffective for not adequately arguing for a credit. Movant claims his "counsel argued that Quon's fees were not an intended or actual loss in the prior proceedings, [but] they did not bring a discussion of the correct remedy's roots in the law of restitution to assure the Court that Petitioner was not arguing that Quon and Benzer should be able to retain the amount paid as legal fees to Quon." Mem. Points and Auth. in Supp., at 11. Movant also claims the "failure" was compounded on appeal, although he does not explain appellate counsel's failure. *Id.*

Had a credit been allowed, the actual victim loss amount would have been reduced. The victim loss amount determines part of the Sentencing Guidelines score. In this case, however, even if Movant's attorney had persuaded the Court to reduce the actual loss amount by the amount of Quon's attorney's fee, the Sentencing Guidelines range would have remained the same. The actual loss would have remained above $7,000,000, and the 2014 version of U.S.S.G. §2B1.1(b)(1)(K) requires a 20-level enhancement for actual loss amounts between $7,000,000 and $20,000,000. In other words, even if Movant's counsel had succeeded in persuading the Court to allow a credit for Quon's attorney's fee, the resulting Guidelines range would have been the same. The Sentencing Guidelines would still call for a 20-level increase in the base offense level. The resulting sentencing range would have remained the same. For purposes of argument, if counsel's performance was deficient, there was no showing of a likelihood of a lower sentence. There is no demonstration of prejudice suffered by Movant.

More importantly, the record reflects that Movant's defense attorney, Wendi L. Overmyer, Esq., actually did make the Quon attorney's fee credit argument in her

resentencing memorandum. *See* Dkt. 848, at 10-12. Overmyer also argued for the attorney's fee credit at the resentencing hearing. Transcript (Aug. 17, 2018), 8:4 to 11:11, 17:17-19. And Overmyer urged the attorney's fee credit argument in the appeal briefing as her lengthy first argument. *United States v. Benzer*, Appeal No. 18-10323, Opening Brief, at 15-30. The argument begins:

> First, the district court failed to offset the complete loss amount with the fair market value for [Quon's] legal services Vistana received. The government failed to sufficiently prove the legal services provided to Vistana had no fair market value. . . . The erroneous loss amount controlled the sentencing range, resulting in a higher sentencing range of 121 to 151 months, rather than the correct 97 to 121-month range.

*Id*. at 15. Finally, Overmyer reiterated the attorney's fee credit argument in the appeal reply brief. Reply Brief at 13-15.

In the end, the Ninth Circuit was not persuaded that this Court had erred, but that outcome was not because Movant's attorney failed to zealously advocate for the credit. Movant's attorney took every opportunity to make the argument, both at resentencing and on appeal. Moreover, it would not have been ineffective assistance had Overmyer decided to omit the losing argument completely. *Moormann v. Ryan*, 628 F.3d 1102, 1109 (9th Cir. 2010) (appellate counsel does not commit ineffective assistance of counsel by forgoing a meritless issue); *Bailey v. Newland*, 263 F.3d 1022, 1028-29 (9th Cir. 2001) ("failure to raise a weak issue on appeal [does] not constitute ineffective assistance"). Consequently, Movant's third claim of ineffective assistance of counsel is without merit.

### *Claim 4 (Failure to Challenge Mortgage Loss Calculation)*

Movant's fourth claim of ineffectiveness of counsel is that his attorney failed to challenge the mortgage loss calculation for enhancement and restitution based on actual loss for failing to meet the required burden of proof. Mem. Points and Auth. in Supp., at 3, 12-14. This claim is also meritless. At the resentencing, this Court heard from Movant's attorney concerning all objections to the financial losses identified in the

Presentence Report and the government's sentencing memorandum. Movant's attorney specifically objected to the mortgage loss amount. Transcript (Aug. 17, 2018) at 5:17-18 ("We have ten objections to the presentence report that we filed on Monday."); *see also id.* at 21:4-9 ("We ask that the restitution, again, not include . . . mortgage losses not suffered by Vistana."). As the Ninth Circuit recently observed, a defendant has a right to be heard on an objection to the Presentence Report. However, the sentencing court is not required to consider a defendant's evidence. *United States v. Minasyan*, __ F.4th __, Appeal No. 19-50185, at *17 (9th Cir. July 9, 2021). *Minasyan* explained how the district court correctly considered objections to loss amounts in a Presentence Report:

> While the district court was required to allow Minasyan to challenge the probation office's findings on intended loss, the district court had discretion to determine whether presenting evidence to support the challenge would be helpful or necessary. *See United States v. Salcido*, 506 F.3d 729, 735 (9th Cir. 2007) (per curiam) (finding no error under Rule 32 where the defendant "was permitted to file written objections to the presentence report and was given the opportunity to make additional arguments at the sentencing hearing").
>
> The district court gave Minasyan a fair opportunity to contest the government's loss calculation even if it was not the full evidentiary hearing that Minasyan wanted—but to which he was not entitled.

*Id.* Like Minasyan, Movant was given a fair opportunity to contest the loss calculation. There was no entitlement to a full evidentiary hearing, and had Movant's attorney attempted to introduce evidence of alternative mortgage loss calculations, the effort may have been unsuccessful.

Furthermore, the amount of the calculated mortgage loss, as reflected in Movant's own sentencing memorandum, totaled $2,185,257.23. Def. Resentencing Mem. (filed 7/16/18) Dkt. 848, at 8. Movant now argues that some adjustment downward would be more accurate and his attorney was ineffective for not hiring an expert to prepare a report. But counsel is not ineffective for not urging issues that will ultimately have little or no effect. Indeed, spending one's efforts on a borderline irrelevant issue is the opposite of

effective assistance of counsel. Here, the calculated actual loss amount adopted by this Court was $12,464,170. Even if the mortgage loss amount was shown to be overstated by the entire amount (which is more than Movant suggests), the resulting calculated loss would be $10,278,913 ($12,464,170 - $2,185,257 = $10,278,913). As mentioned earlier, the Sentencing Guidelines provided a 22-level increase for actual loss amounts between $7,000,000 and $20,000,000. The mortgage loss adjustment downward would have had no effect on the Sentencing Guidelines calculation. The urged adjustment, had it been offered by counsel and persuasive, was not likely to have affected the outcome of the resentencing, and thus, does not merit Section 2255 relief.

### *Claim 5 (Contingent Fee Deduction)*

For the fifth claim of ineffective assistance, Movant re-urges his claim that the Vistana contingent attorney's fee paid to Quon should have been deducted from the actual victim loss amount. A defendant's mere conclusory allegations that counsel failed to provide effective assistance do not satisfy the highly demanding standard of deficient performance and resulting prejudice. *Kimmelman v. Morrison*, 477 U.S. 365, 381-82 (1986). It is the same argument discussed previously and it does not merit relief.

### *Claim 6 (Failure to Make Points as to Proper Restitution Calculation)*

For the sixth claim of ineffective assistance, Movant argues that his attorney "failed to make the points" as to the proper calculation of the restitution amount. Unfortunately, the Ninth Circuit has held that "by its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released. It cannot be used solely to challenge a restitution order." *United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002). "Nor does it matter that [defendant] couched his restitution claim in terms of ineffective assistance of counsel. So did Kramer." *Id*. (citing *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999)). Thus, the sixth claim for relief is without merit.

### *Claim 7 (Failure to Read Back Reasoning)*

For the seventh claim for relief, Movant argues that his attorney "failed on remand to read to the Court the reasoning it employed at the original sentencing." This Court

10

2:13-cr-00018-RTB

initially imposed a sentence of 188-months, based on a Guidelines range of 188 to 235 months. In resentencing, the sentence imposed was reduced by 37-months down to 151-months, based on a Guidelines range of 121 to 151. The Court recounted the greed and hubris of the participants as well as the tremendous loss of confidence in the community's institutions resulting from the conspiracy Movant masterminded. The Court explained that it was because of the criminal conspiracy's effect on the community, which it described as "horrible," that a lengthy sentence was imposed.

In recounting the initial 188-month sentence, the Court incorrectly said that it had been a high-end sentence. Movant's counsel corrected the error by pointing out that the original sentence was at the low end of the then-higher Guidelines range. Counsel's correction was effective, as the Ninth Circuit noted:

> The supposed erroneous facts relied upon include . . . an allegedly mistaken belief by the court that Benzer was originally sentenced at the high-end of the Guidelines range, when it had sentenced Benzer at the low-end of the range. But the district court's misstatements were immediately *corrected by counsel* and acknowledged by the court.

Dkt. No. 90, at 5-6 (emphasis added). The judge at the resentencing was the same person who presided over the original sentencing. He was not a newly-assigned judge that was unfamiliar with the case or Movant and his role in the conspiracy. Once counsel offered the correction, she made the wise decision to not belabor the issue. A determination of how to present relevant information falls within the tactical discretion *Strickland* affords attorneys. 466 U.S. at 689. A longer or more impassioned delivery does not change the facts underlying the argument. For Section 2255 relief, a movant must prove that counsel's performance was both ineffective and substantially prejudiced him in some way. *Id*. Movant's argument concludes that Overmyer's performance was ineffective but fails to persuade this Court that the outcome of the resentencing would have differed. The only argument presented is that counsel should have argued the mistake more strenuously and reminded the Court why his sentence had been imposed at the low-end of the higher range. Movant does not claim there was error in counsel's objections, only

that they were not elaborate enough. Disagreeing with counsel's tactical decisions does not constitute ineffective assistance of counsel. *See Wildman v. Johnson* 26 F.3d 832, 840 (9th Cir. 2001). Repeating the content of these objections more fervently was not likely to alter Movant's sentence.

The Court was aware of Movant's circumstances and the role played in the conspiracy. Once the Court considered the sentencing factors under 18 U.S.C. § 3553(a), it is just as likely that it would have departed upward to the original 188-month sentence as it was likely that further argument from counsel would have persuaded the Court to reduce the sentence below the already-announced 37-month reduction down to 151-months. Transcript at 41:14-23. The Court clearly considered a severe penalty sufficient but not greater than necessary to accomplish the goals of sentencing. Movant's seventh claim for relief pertaining to counsel's conduct at sentencing is without merit.

Because there are no grounds sufficient to merit Section 2255 relief or for which a hearing is necessary, the motion is denied.

**Certificate of Appealability**

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides in pertinent part as follows:

> (a) In a . . . proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> 
> . . . .
> 
> (c)
> 
>     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> 
> . . . .
> 
>         (B) the final order in a proceeding under section 2255.
> 
>     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> 
>     (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The Court finds that Movant has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the determination that Movant is not entitled to relief under Section 2255 debatable, wrong, or deserving of encouragement to proceed further. Therefore, the Court declines to issue a certificate of appealability. *See Slack*, 529 U.S. 484.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Dkt. No. 922) is DENIED.

**IT IS SO ORDERED.**

Dated: July 15, 2021

**HON. ROGER T. BENITEZ**
United States District Judge